# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARGARET MITCHELL, AS ADMINISTRATRIX OF THE PENDINGESTATE OF ANTHONY DON MITCHELL,** )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO.: 2:23-cv-00182-SGC |
| ) | |
| **SHERIFF NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CORRECTIONS OFFICERS T.J. ARMSTRONG, DENZEL MITCHELL, BRAXTON KEE, BAILEY GAINEY, KATHERINE CLIGAN, JACOB SMITH, JEREMY FARLEY, RICHARD HOLZMAN, BENJAMIN SHOEMAKER, DAYTON WAKFIELD, NURSE PRACTITIONER ALICIA HERRON, NURSE BRAD ALLRED, AND INVESTIGATOR CARL CARPENTER,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**DEFENDANT SHERIFF NICK SMITH, CORRECTIONS OFFICERS T.J. ARMSTRONG, DENZEL MITCHELL, BRAXTON KEE, BAILEY GAINEY, KATHERINE CLIGAN, JACOB SMITH, JEREMY FARLEY, RICHARD HOLMAN, BENJAMIN SHOEMAKER, DAYTON WAKEFIELD, AND INVESTIGATOR CARL CARPENTER'S ANSWER TO COMPLAINT**

COME NOW, Defendants Sheriff Nick Smith, Corrections Officers T.J. Armstrong, Denzel Mitchell, Braxton Kee, Bailey Gainey, Katherine Cligan, Jacob

Smith, Jeremy Farley, Richard Holman, Benjamin Shoemaker, Dayton Wakefield, and Investigator Carl Carpenter and answer the Plaintiff's Complaint (Doc. 1) as follows:

Defendants deny the statements made in the introduction. The introduction is subject to the Defendants' Motion to Strike filed contemporaneously with this Answer.

I. **Jurisdiction and Venue**

1. The averments contained in this paragraph constitute an issue of law to be properly determined by the Court. Therefore, they are neither admitted nor denied. To the extent the averments contained in this paragraph can be construed as constituting a factual allegation imposing liability on the Defendants, they are denied.

2. The averments contained in this paragraph constitute an issue of law to be properly determined by the Court. Therefore, they are neither admitted nor denied. To the extent the averments contained in this paragraph can be construed as constituting a factual allegation imposing liability on the Defendants, they are denied.

3. Defendants admit that venue is proper within the Northern District. Defendants deny that jurisdiction is proper within the Southern Division.

## II. Parties

1. Denied. Defendants demand proof of the establishment of the Estate.

2. Sheriff Smith admits that he is identified.

3. Defendants admit that they are identified and that they acted under the color of state law.

4. The averments in this paragraph do not require a response from these Defendants. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon these Defendants, they are denied.

5. Admitted.

## III. Statement of Facts.

### A. Introduction.

1. Defendants admit that decedent was a drug addict. Defendants are without sufficient information or belief to admit or deny the remaining averments in this paragraph.

2. Upon information and belief, admitted.

3. Defendants admit Mitchell was a drug addict. Defendants are without sufficient information or belief to admit or deny the remaining averments in this paragraph.

4. Defendants admit that Mitchell died. All other allegations are denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

5. Denied. Defendants demand strict proof of the allegations to include the manner and time in which temperature was taken and notes. The allegations in this paragraph are subject to Defendants' Motion to Strike.

6. Defendants admit that the records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

### B. Tony is Arrested in a Psychotic and Delusional State.

7. Admitted.

8. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

9. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

10. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

11. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

12. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

13. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

14. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

15. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

16. Defendants admit 911 was contacted.

17. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Defendants are without sufficient information or belief to admit or deny that within hours the described picture spread across social media. The remaining averments contained in this paragraph are admitted.

23. Admitted.

24. Denied.

25. Defendants admit that Mitchell's medical and psychiatric condition was poor. Defendants are without sufficient information or belief to admit or deny the remaining averments in this paragraph.

26. Denied.

27. Denied.

28. Denied.

    **C.**    **Tony is Housed Naked in a Bare Concrete Isolation Cell.**

29. Admitted.

30. Denied.

31. Denied.

32. Defendants admit that Mitchell was on suicide watch. Defendants deny that Mitchell was kept naked in a cell.

    **D.**    **Tony's False Teeth were Confiscated After he was Tazed.**

33. Defendants admit that Mitchell had false teeth. Defendants are without sufficient information or belief to admit or deny the remaining averments in this paragraph.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

E.  **Attempting to Cover Up the Truth, T.J. Armstrong Releases a False Statement that Tony Was "Alert and Conscious" When He Left the Jail and Lies to Tony's Family about his Condition. (Denied)**

40. Admitted.

41. Denied.

42. Admitted.

43. Admitted.

44. Admitted.

45. Defendants admit that Armstrong informed the family of Mitchell's condition. Defendants deny that Armstrong told Mitchell's family that Mitchell was throwing feces.

46. Denied.

47. Denied.

48. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

49. It is admitted Armstrong spoke with Steve Mitchell about Tony Mitchell's mother going to the hospital. All other averments contained in this Paragraph are denied.

50. Denied.

### F. Defendants Deny that Surveillance Video Shows that Tony Was not "Alert and Conscious" When He Left the Jail.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Denied.

59. Denied.

### G. Defendants Deny Tony's Heart Stopped Before He Arrived at the Hospital and Never Restarted.

60. Defendants admit that the medical records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

61. Defendants admit that the medical records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

62. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph.

63. Defendants admit that the medical records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

64. Defendants admit that the medical records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

65. Defendants admit that the medical records state what they state. To the extent that any portion of this paragraph can be construed as a factual allegation that seeks to impose liability upon these Defendants, it is denied.

   **H.** **Defendants Deny No Explanation Other than Spending Hours in a Freezer or Similar Frigid Environment Explains Tony's Body Temperature Dropping to 72 Degrees Fahrenheit. The allegations in this section are subject to Defendants' Motion to Strike.**

66. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

67. Admitted.

68. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph. The allegations in this paragraph are subject to Defendants' Motion to Strike.

69. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph. The allegations in this paragraph are subject to

Defendants' Motion to Strike.

70. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

71. Admitted. Video shows that Mitchell was not placed in a freezer.

72. Defendants are without sufficient information or belief to admit or deny the averments in this paragraph. The allegations in this paragraph are subject to Defendants' Motion to Strike.

### I. Defendants Deny At Least Five Hours Passed from the Time Tony Was Removed from the Frigid Environment Until He Was Transported to the Hospital. The allegations in this section are subject to Defendants' Motion to Strike.

73. Admitted.

74. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

75. Defendants admit that Kee found Mitchell in the cell and alerted medical staff to conditions. All other allegations are denied.

76. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

77. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

  **J.**  **Defendants Deny Security Footage from 4:00 AM Shows Tony Lying on the Cement Floor of His Cell As Corrections Officers Kee and Mitchell Laugh at His Condition.**

 78. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

 79. Admitted.

 80. Denied.

 81. Denied.

 82. Denied.

  **K.**  **Defendants Deny Security Footage from around the Time of the 6 AM Shift Change Shows Multiple Corrections Officers and Medical Personnel Exhibiting Deliberate Indifference.**

 83. Admitted.

 84. Admitted.

 85. Denied.

 86. Denied.

 87. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

 88. Admitted.

 89. Admitted.

 90. Admitted.

 91. Defendants admit that an ambulance was not called. All other

allegations are denied.

  **L.** **Defendants Deny At around 8:30 AM, Corrections Officers Remove Tony from the Cell, then Return Him to the Cell to Conceal His Presence as a Woman is Booked.**

92.  Admitted.

93.  Admitted.

94.  Defendants admit that Mitchell was alive when removed from cell and placed in wheelchair. Defendants deny all Plaintiff's editorializing.

95.  Denied.

96.  Denied.

97.  Defendants admit that Mitchell was taken to the hospital. Defendants deny all Plaintiff's editorializing.

  **M.** **Defendants Deny Tony's Heart Has Stopped by the Time Deputies Reach the Hospital, Over Five Hours After His Removal from the Frigid Environment. The allegations in this section are subject to Defendants' Motion to Strike.**

98.  Denied.

99.  Defendants admit that they did not inform hospital staff of placing Mitchell in freezer because the allegation is a complete misrepresentation based upon Plaintiff's editorializing, grandstanding, and speculation. Defendants move to strike this paragraph.

100.  Defendants admit that Mitchell passed away. Defendants deny the editorializing in the paragraph.

### N.     Defendants Deny The Sheriff Has a Policy or Practice of Deliberate Indifference to Serious Medical Needs and Excessive and Unreasonable Force.

101. Denied.

102. Denied. Defendants note that Sheriff Smith nor any Walker County Sheriff's Office personnel were sued.

103. Denied.

104. Denied.

105. Denied.

### O.     Defendants Deny The Sheriff and T.J. Armstrong Participated in the Scheme to Violate Tony's Constitutional Rights and Ratified the Conduct of Deputies.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Defendant Sheriff Smith admits selecting Morgan Madison as "Corrections Officer of the Month." Defendants deny any "conduct" was ratified.

### First Cause of Action: Wrongful Death – Substantive Due Process Clause of the Fourteen Amendment to the United States Constitution via 42 USC §1983 - All Defendants are Sued in their Individual Capacities.

111. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

112. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

113. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Defendant Sheriff Smith admits selecting Morgan Madison as "Corrections Officer of the Month." Defendants deny the remaining allegations.

119. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

## Second Cause of Action: Wrongful Death – Policy or Practice Claim – Sheriff in His Official Capacity.

120. Denied.

121. Denied. The allegations in this paragraph are subject to Defendants' Motion to Strike.

122. Denied.

123. Denied.

## Request for Relief

Defendants deny that Plaintiff is entitled to any release sought.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff, separately and severally, fails to state a cause of action under the Fourth and/or Fourteenth Amendments to the United States Constitution.

2. Plaintiff's constitutional claims cannot be sustained as a matter of law.

3. Defendants assert that they are not liable in any manner to Plaintiff regarding the allegations contained in the Complaint.

4. In their individual capacities, Defendants are entitled to qualified immunity from Plaintiff's claims under 42 U.S.C. § 1983.

5. Plaintiff lacks standing to seek any equitable relief.

6. Defendants assert that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature; Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the due process and equal protection clauses of both the Constitution of the United States and the State of Alabama Constitution; and that imposition of punitive damages under Alabama law, even with Green Oil and Hammonds guidelines, is arbitrary and capricious, leading to "grossly excessive" punitive damage awards inasmuch as a jury is provided neither guidelines and reaching some rational ratio between compensatory and punitive damages, nor some rational relation between the

Defendant's alleged conduct and the legitimate interest of the State to punish willful conduct and deter its repetition.

7.      The Plaintiff's claims for punitive damages violates the Defendants' rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, in that they are penal in nature, yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

8.      Defendants deny that they have been guilty of any conduct which warrants the issue of punitive damages being submitted to the jury or which allows the Plaintiff to recover punitive damages.

9.      As to any state law claim or state-tort claims, the Defendants are entitled to absolute immunity or, in the alternative, state-agent immunity.

10.     Defendants are entitled to absolute immunity under the 11th Amendment to the United States Constitution as to all official capacity claims.

11.     Defendants reserve the right to amend this Answer to add additional affirmative defenses as discovery progresses.

Respectfully submitted this 3rd day of March, 2023.

> **/s/J. Randall McNeill**
> J. RANDALL MCNEILL (ASB-4841-E29J)
> Attorneys for Defendants Sheriff Nick Smith and correctional officers T. J. Armstrong, Denzel Mitchell, Braxton Kee, Bailey Gainey, Katherine Cligan, Jacob Smith, Jeremy Farley, Richard Holzman, Benjamin Shoemaker, and Dayton Wakefield and Investigator Carl Carpenter

WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 T
(334) 262-1889 F
rmcneill@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of March 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
jcg@wigginschilds.com
wsmith@wigginschilds.com
cmalmat@wigginschilds.com

                                              **/s/J. Randall McNeill**
                                              OF COUNSEL