FILED
2023 Mar-06  PM 05:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MARGARET MITCHELL, AS ADMINISTRATRIX OF THE PENDING ESTATE OF ANTHONY DON MITCHELL,** ) ) ) ) ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| ) | **2:23-cv-00182-SGC** |
| **v.** ) | |
| ) | |
| **SHERIFF NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CORRECTIONS OFFICERS T.J. ARMSTRONG, DENZEL MITCHELL, BRAXTON KEE, BAILEY GAINEY, KATHERINE CLIGAN, JACOB SMITH, JEREMY FARLEY, RICHARD HOLZMAN, BENJAMIN SHOEMAKER, DAYTON WAKEFIELD, NURSE PRACTITIONER ALICIA HERRON, NURSE BRAD ALLRED, AND INVESTIGATOR CARL CARPENTER,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO TRANSFER
VENUE**

In moving to transfer venue from the Southern Division to the Western

Division of the Northern District of Alabama, Defendants state that "The incidents

1

giving rise to the complaint … occurred in Walker County, which is in the Western Division." (Doc. 5). However, Walker County is in the Jasper Division of the Northern District, meaning that Defendants and Plaintiff apparently agree that this case should not proceed in the Jasper Division. Defendants' motion to transfer to the Western Division should be reviewed as a motion for intra-district transfer pursuant to 28 U.S.C. §1404(b).[1] Applying the 1404(b) standard, the Court should deny Defendant's motion and leave this case in the Southern Division where it was filed.

§1404(b) provides that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." S*ee Agsouth Genetics LLC v. Ga. Farm Servs. LLC*, 2009 U.S. Dist. LEXIS 114810 (M.D. Ga. Dec. 9, 2009) ("[i]n this case, TPC and GFS seek an intra-district transfer pursuant to 28 U.S.C. § 1404(b) ('1404(b)'), which is a discretionary transfer subject to the same analysis as under 28 U.S.C. § 1404(a).") To prevail on such a motion, the defendant must show that there is an adequate alternative forum available, that the public and private factors favor transfer of venue, and that Plaintiff can litigate in the alternative forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310 11 (11th Cir.2001). The public and private factors include: (1) the convenience of the

---

[1] https://www.alnd.uscourts.gov/sites/alnd/files/Alabama_co_lines_withdivisions.jpg

witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative  means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

When considering a motion to transfer venue pursuant to §1404(a), the Courts place the burden on the moving party to establish the propriety of the transfer. *See In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)): "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." The Court is to award "strong deference" to the Plaintiff's choice of venue: "[t]he applicable §1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct, and accordingly, the court affords deference to a plaintiff's selection. The defendant, therefore, bears the burden of demonstrating that the suggested forum is more convenient." *Jackson v. State DOT*, 2007 U.S. Dist. LEXIS 70264, 3 4 (M.D. Ala. Sept. 21, 2007) (*citing In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989)). "[T]he weight to be given the plaintiff's forum choice is significant and 'will not be

disturbed unless the other factors weigh substantially in favor of transfer.'" *Id.* (*citing Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774 (E.D. Tex. 2000)).

Applying the above factors, Defendants have not met their burden of showing that transfer is warranted. Accordingly, the case should remain in the Southern Division where it was filed. First, for witnesses and the Plaintiff, Margaret Mitchell, the federal courthouse in Birmingham is a shorter drive from Jasper than the federal courthouse in Tuscaloosa. It is just 40 miles from Jasper to the federal courthouse for the Southern Division in Birmingham. By contrast, it is 55 miles to the federal courthouse in Tuscaloosa. Birmingham is therefore a more convenient forum for the witnesses and the parties in this matter, and Birmingham is also closer to the location of relevant documents and other proof, and closer to the locus of operative facts.

But the weight accorded to a plaintiff's choice of forum coupled with the "interest of justice" factors weigh most heavily here. As the Northern District's Website indicates, the jury pool for the Western Division draws heavily from Walker County. As Defendants have noted in other filings, this case has received extensive publicity in Walker County, where many potential jurors live. Media attention was drawn, first, by the fact of Mitchell's death in custody after a welfare check, itself a significant and newsworthy event.[2] The real surge in media coverage came after a

---

[2] https://www.cbs42.com/news/local/an-alabama-man-was-arrested-during-a-welfare-check-two-weeks-later-he-was-dead/

video began circulating on social media directly contradicting Defendant Armstrong's statement on behalf of the sheriff to a news agency that Mitchell was "alert and conscious" when he left the Walker County Jail immediately prior to arriving at Walker County Baptist Hospital with an internal body temperature of seventy-two degrees or lower.[3] To date, nearly 4000 individuals have signed an online petition seeking "Justice for Anthony 'Tony' Mitchell.[4] This publicity means that it will be difficult to find jurors in either the Jasper or the Western Divisions who have not heard about this case. In the Birmingham Division, by contrast, jurors will come from Shelby, Blount, and Jefferson Counties, where there will be a better chance of finding jurors unfamiliar with the case. Because pretrial publicity "is certainly a factor which a court may consider in determining the propriety of transfer pursuant to § 1404," *New York v. Gen. Motors Corp*., 357 F. Supp. 327, 328 (S.D.N.Y. 1973), this "interest of justice" factor weighs strongly in favor of leaving Plaintiff's choice of venue undisturbed.

Based on the above, Defendants have not met burden of establishing the propriety of transferring this action from the Southern to the Western Division of the

---

[3] https://www.cbs42.com/digital-exclusive/police-said-an-alabama-man-was-alert-and-conscious-when-he-left-their-jail-video-shows-otherwise/
[4] https://www.change.org/p/justice-for-anthony-tony-mitchell

Northern District of Alabama. Accordingly, the plaintiff's choice of forum should not be disturbed, and this case should proceed in the Southern Division.

Respectfully Submitted,

/s/ L. William Smith

Jon C. Goldfarb

L. William Smith

Christina Malmat

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day the 6th day of March, 2023, a true and correct copy of the above and foregoing document has been properly served via the Court's electronic filing system to the following counsel of record:

J. Randall McNeill
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1850 T
(334) 262-1889 F
rmcneill@wmwfirm.com

/s/ L. William Smith
OF COUNSEL