# Exhibit A



**United States Department of Justice**

*Prim F. Escalona*
*United States Attorney*
*Northern District of Alabama*

---

*George A. Martin, Jr.*
*Assistant United States Attorney*
*(205) 244-2001*
george.martin@usdoj.gov

*Criminal Division*
1801 Fourth Avenue North
Birmingham, AL 35203-2101

LaBella McCallum
Eric Hoaglund
McCallum Hoaglund McCallum

March 13, 2023

Re: ███████████

Dear LaBella:

You have indicated that your client is willing to provide information to the government which may be of assistance in a criminal investigation and prosecution. This letter sets forth the ground rules covering any proffer of information by your client to the government.

**1. Purpose:** The purpose of your client making a proffer is to provide the government with an opportunity to assess the value, extent, and truthfulness of your client's information about the criminal liability of the client and others.

**2. Truth:** Your client's proffer must be a complete and truthful account of all information that he has regarding all criminal wrongdoing perpetrated by himself and others. It is important that your client understand that any intentional material misstatements or omissions of fact may lead to the loss of the opportunity to further cooperate with federal law enforcement officials and to certain additional consequences as set forth in this agreement.

**3. Recording:** At the government's option, the proffer interview may be recorded through an agent's handwritten notes.

**4. No promises:** While your client may hope to receive some benefit by cooperating with the government, your client expressly understands that the government is making no promise of any consideration at this time.

**5. No Direct Use:** The government agrees that statements of information contained in your client's proffer may not be used directly against your client other than in a prosecution of your client for perjury, making a false statement or obstruction of justice.

March 13, 2023
Page 2

**6. Impeachment and Rebuttal:** If your client should testify materially contrary to the substance of the proffer or, in any manner, otherwise present in a legal proceeding a position or argument materially inconsistent with the proffer, the proffer and all evidence derived directly or indirectly from the proffer may be used against your client.

**7. Derivative Use:** The government may make derivative use of, and may pursue investigative leads suggested by, any statements or information provided by your client's proffer. This provision is necessary to eliminate the necessity of a *Kastigar* hearing wherein the government would have to prove that the evidence it sought to introduce at trial or in a related legal proceeding is derived from "a legitimate source wholly independent" of statements or information from the proffer.

**8. Sentencing Information:** Your client understands that the government, pursuant to 18 U.S.C. § 3661, may have to provide to a Court the contents of the proffer. Pursuant to U.S.S.G. § 1B1.8, however, the proffer may not be used to determine the appropriate guideline sentence, except as provided in the "Impeachment" paragraph above.

**9. Brady Discovery:** Your client understands that *Brady v. Maryland* and its progeny require that the government provide any indicted defendant all information known to the government which tends to mitigate or negate such defendant's guilt or punishment. Should your client's proffer contain *Brady* material, the government will be required to disclose this information to the appropriate defendant(s).

**10. Full Agreement:** This document constitutes the full and complete agreement of the parties.

Sincerely,

PRIM F. ESCALONA
United States Attorney

George A. Martin, Jr.
Assistant United States Attorney

LaBella McCallum