Case 2:23-cv-00182-ACA   Document 70   Filed 05/23/23   Page 1 of 14

FILED
2023 May-23 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARGARET MITCHELL, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY DON MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF NICK SMITH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, et al.<br><br>    Defendants. | CIVIL ACTION NUMBER:<br>2:23-cv-00182-ACA |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY

Defendants move for what they describe as "only… a stay of Defendants' depositions and the right to plead the Fifth Amendment privilege as to any other discovery without waiving their Fifth Amendment privilege." After clarification at oral argument, it appears that Defendants seek to stay their depositions, and that they also seek the Court's recognition that responding to unspecified discovery requests will not waive their ability to assert their Fifth Amendment privilege in other unspecified future contexts. As argued below, Defendants' motion should be denied. The motion is premature, as depositions have not yet been noticed, and Defendants

1

have not yet invoked the Fifth Amendment as to any topic of inquiry. If necessary, the Court may revisit these issues after electronic and paper discovery are completed.

## I. **Defendants May Not Use the Fifth Amendment Privilege as a Shield to Avoid Incriminating Each Other**.

The individual defendants have joined together in seeking a stay of depositions for all defendants—and yet their interests in this lawsuit are largely opposed. As the nursing defendants' filing makes clear, the nurses have entered into an agreement with the U.S. Attorney's Office to cooperate with the government against the jailer defendants. (Doc. 67-1). That agreement requires that the nurses not "in any manner … present in a legal proceeding a position or argument materially inconsistent with the proffer." (Doc. 67-1 at 3). Presumably, the nurses have provided information to the U.S. Attorney consistent with the allegations in the complaint and with their counsel's public statements to the press claiming that medical and mental health professionals were denied access to Mitchell by employees of the Sheriff's Department, and also consistent with their counsel's statements in the press that the nurses' requests for an ambulance were disregarded. (Doc. 55 ¶¶ 43-50).[1] Such testimony would not implicate the nurses' Fifth Amendment rights. Rather, it would tend to implicate the Sheriff and his staff.

---

[1] https://www.cbs42.com/news/local/medical-jail-staff-claim-they-tried-to-get-help-for-an-alabama-man-but-their-requests-went-unanswered-later-that-day-he-died/

No Constitutional privilege exists that allows a defendant to remain silent to avoid incriminating another person. Rather, the Fifth Amendment states, "No person ... shall be compelled in any criminal case to be a witness **against himself**." "The fifth amendment shields against compelled self-incrimination, not legitimate inquiry, in the truth-seeking process." *Nat'l Life Ins. Co. v. Hartford Acci. & Indem. Co.*, 615 F.2d 595, 598 (3d Cir. 1980). The Fifth Amendment does not apply and may not be asserted where incriminating evidence comes from someone other than the "person asserting the privilege." *Fisher v. United States*, 425 U.S. 391, 397 (1976). This means the correctional defendants cannot rely on the Fifth Amendment to prevent the nurses from giving testimony implicating them, or vice-versa.

Other allegations in Plaintiff's Second Amended Complaint (along with defense counsel's public statements on behalf of her clients) further suggest that the defendants in this action are far more likely to incriminate each other rather than to incriminate themselves. Herron wrote in the medical notes that "inmate needs to be sent out to ER, due to dehydration," (Doc. 55 ¶109). She presumably can further be expected to testify consistent with her counsel's public statements to the press after receiving the Amended Complaint, including her statements that the nurses "can't … call the ambulance, the county does that and that's standard in all jails"; that the nursing defendants "tried to get Mitchell help three times but those requests went unanswered"; and that the nurses "were told an ambulance has been called and is on

its way."[2] Again, testimony along these lines would not implicate the nurses' Fifth Amendment rights. Rather, it would tend to incriminate their co-defendants.

On the flip side, it appears that the corrections officers' testimony will differ from the nurses' version in ways that tend to incriminate the nurses. For instance, corrections officers, including Braxton Kee and Denzel Mitchell, gave written statements suggesting that the nurses told them it would be okay to wait to transport Mitchell to the hospital until after the start of the upcoming shift, resulting in a potentially fatal delay of many hours in Mitchell receiving treatment. (Doc. 55 ¶¶ 100-113). Again, such testimony would not implicate Fifth Amendment concerns for the jailer defendants. Rather, such testimony would tend to implicate the nurses.

In a situation like this, with multiple co-defendants, the Court should be wary that Defendants' joint invocation of the Fifth Amendment to avoid depositions will not primarily have the effect of protecting the personal Fifth Amendment rights of these defendants. Rather, staying depositions would likely have the primary effect of allowing the co-defendants to avoid implicating each other, thus providing them with a "shield" against "legitimate inquiry … in the truth-seeking process." *Nat'l Life Ins. Co.*, 615 F.2d at 598. In such a situation, the defendants would jointly benefit from a stay that would allow them to avoid giving testimony damaging to their co-defendants, while pooling their efforts to slow down Plaintiff's discovery of

---

[2] *Id.*

information to support her claims—as exemplified by their unity on the present motion. In this multiple defendant case, the Court should not allow Defendants to mutually evoke the Fifth Amendment for the benefit of silencing their co-defendants.

After the hearing for this motion, counsel for the nurses was quoted in a news article that she does not "want to throw the jailers under the bus."[3] Granting the relief counsel requests would allow the nurses to avoid doing precisely that by permitting them to delay or avoid giving deposition testimony that would implicate the jailers. The defendants should not be allowed to cooperatively rely on the Fifth Amendment to erect a wall of silence around information they possess damaging to each other. For this reason, the Court should deny the motion to stay depositions.

## II. There Are No "Special Circumstances" Warranting a Partial Stay.

"A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *SEC v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008) (*quoting United States v. Lot*

---

[3] https://www.al.com/news/2023/05/nurses-cooperating-with-fbi-in-walker-county-case-of-inmate-who-froze-to-death.html. The article further states that according to defense counsel, "the nurses do not want to risk the possibility of having their credibility questioned in a criminal case based on statements they make in a civil case" but "they have nothing to hide." To the extent that the nurses' primary concern is the provision of the proffer agreement requiring that they not "in any manner … present in a legal proceeding a position or argument materially inconsistent with the proffer, (Doc. 67-1 at 3), this civil action was ongoing at the time the nurses chose to enter into the proffer agreement with the government. There is no indication that their decision to enter into that proffer agreement was anything but knowing and voluntary. Because this action was pending when they considered the agreement, they had the ability to take into account when they signed it the likelihood they would need to sit for civil depositions in this matter. Finally, there is no reason to expect that the nurses would give testimony in this matter inconsistent with the information they provided to the government in their proffer.

*5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). A "blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *Id.* (quoting *United States v. Kordel*, 397 U.S. 1 (1970)).

In determining whether a stay is appropriate, courts consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest

*United States v. Bauer*, No. 1:14-CV-1660, 2014 U.S. Dist. LEXIS 154008, at *3 (M.D. Pa. Oct. 30, 2014). Here, as stated above, there are no "special circumstances" that would warrant a stay of depositions where the primary effect of that stay would be to allow the defendants to avoid "throwing" each other "under the bus," rather than safeguarding the defendants' personal Fifth Amendment rights.

### a. The Government Is Not a Party to This Civil Action.

Although the factor of overlap between the issues may be a "threshold issue," it cannot tip the scale when "the balance of the remaining factors" weighs against granting a stay. *Bauer*, 2014 U.S. Dist. LEXIS 154008, at *3. Unlike many of the cases Defendants cite, the government did not initiate the present case and is not a participant in it. Although the factual issues may overlap, "this action is brought by

6

a private plaintiff and presents less danger of prejudice to Defendants than if the government were involved in both proceedings." *Ebay, Inc. v. Dig. Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *9 (N.D. Cal. Feb. 25, 2010). In *Wright*, similarly, the Eleventh Circuit held that "special circumstances" did not exist to warrant a stay where there was "no record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case against [the defendant] was unconstitutional or inappropriately instituted." *SEC v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008).

Although this case may have significant factual overlap with the government's criminal investigation, it is not a stalking horse for the U.S. Attorney. Rather, Ms. Mitchell independently seeks civil justice for her son's death. Accordingly, the factual overlap between the issues does not outweigh the balance of the other factors that together mitigate against granting a partial stay.

### b. None of the Defendants Has Been Indicted.

"When 'no indictment has been returned' and no criminal action is underway, the case for a stay is much weaker." *Ebay, Inc. v. Dig. Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *10 (N.D. Cal. Feb. 25, 2010). Moreover, the lack of any indictments means that "any stay the court might impose would be indefinite 'because there is no way to predict when the criminal investigation would end.'" *Bauer*, 2014 U.S. Dist. LEXIS 154008, at *7. "[B]ecause

the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial, pre-indictment requests for a stay are typically denied." *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, CIVIL ACTION NO. 01-5530, 2002 U.S. Dist. LEXIS 17896, at *5-6 (E.D. Pa. Sep. 18, 2002). "When the party seeking a stay has not yet been indicted, the court may deny the motion 'on that ground alone.'" *Bauer*, 2014 U.S. Dist. LEXIS 154008 at *5.

Here, none of the defendants has been indicted. Nor is there a statute of limitations for any federal civil rights violations resulting in death, meaning that there will be no point when the defendants can pronounce themselves safely out of danger from indictment. This factor therefore weighs against granting a stay.

### c. **The Plaintiff's Interest Weighs Against a Stay**.

The plaintiff's interest in this matter weighs against granting a partial stay. First, Ms. Mitchell seeks justice, and "the passage of time would be prejudicial because "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.'" *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. C 95-20129 RMW (EAI), 1995 U.S. Dist. LEXIS 22540, at *6-7 (N.D. Cal. Apr. 26, 1995). Courts "have recognized a compelling interest in preserving evidence" as weighing on the plaintiff's side against granting a stay. *Bauer*, 2014 U.S. Dist. LEXIS 154008, at *6. Particularly in

this case where it is likely that each defendant has significant discoverable knowledge pertinent to establishing the culpability of his or her co-defendants, independent of that defendant's self-inculpatory knowledge, a stay of depositions would hinder the truth-seeking process by allowing the co-defendants to preserve a mutually beneficial silence. Accordingly, this factor weighs against granting a stay.

### d. **Defendants May Assert the Fifth Amendment as Appropriate**.

This case presents a strong question as to whether the interests Defendants seek to protect are even cognizable under the Fifth Amendment. All defendants filed answers to the First Amended Complaint, which contains the same factual allegations (save minor corrections) as those included in the Second Amended Complaint. Even though Defendants' answers to the First Amended complaint were filed after the date of Defendants' proffer agreement (Doc. 67-1), Defendants did not invoke the Fifth Amendment as a basis for not admitting or denying any facts set forth in the First Amended Complaint. Rather, Defendants responded substantively to all the factual allegations in that pleading. (Docs. 43, 44, 45). The fact that Defendants freely answered the comprehensive factual allegations in the First Amended Complaint strongly suggests that any factual issues they view as implicating their Fifth Amendment privilege will be isolated, and further suggests that the primary effect of granting a stay of depositions would be to allow the co-defendants to avoid "throwing" each other "under the bus," thus providing them with

a convenient "shield" against "legitimate inquiry … in the truth-seeking process." *Nat'l Life Ins. Co.*, 615 F.2d at 598. This interest is not cognizable under the Fifth Amendment. Similarly, to the extent that defendants are primarily concerned about violating their proffer agreements with the government by giving testimony here that is inconsistent with their "complete and truthful" proffers of information, this also is not an interest protected by the Fifth Amendment. In any event, there is no reason to assume that Defendants' testimony here would differ from their statements in their proffer sessions. Finally, any defendants who signed proffer agreements did so voluntarily, with full knowledge this action was pending. They were thus aware of the risks they assumed. Especially in light of Defendants' knowing assumption of such risks, "[p]otentially criminal conduct should not serve as a 'shield against a civil lawsuit and prevent plaintiff from expeditiously advancing its claim.'" *Ebay, Inc.*, 2010 U.S. Dist. LEXIS 23253, at *17 (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980)).

The parties are still engaging in paper and electronic discovery, and Plaintiff has not yet issued deposition notices. Once depositions have been scheduled, likely in the fall, to the extent Defendants need to assert their personal Fifth Amendment rights in response to deposition questions, they will remain free to do so even if the Court does not grant a stay of depositions. See, e.g., *Bauer*, 2014 U.S. Dist. LEXIS

154008, at \*6 (reasoning that "nothing precludes Bauer from asserting his Fifth Amendment right throughout this litigation as he and his counsel deem fit.")

### e. The Court's Interest and The Public Interest Weigh Against a Stay.

"[B]oth the court and the public have a compelling interest in efficient resolution of cases and judicial economy." *Bauer*, 2014 U.S. Dist. LEXIS 154008, at \*6. Here, as in *Ebay*, denying Defendants' request for a stay of depositions "will best serve the interests of the public by 'ensuring that aggrieved parties are made whole as rapidly as possible.'" *Ebay, Inc.*, 2010 U.S. Dist. LEXIS 23253, at \*18. Especially where a stay would by its nature be indefinite "because there is no way to predict when the criminal investigation would end" and there is no statute of limitations for a federal civil rights offense resulting in death, judicial efficiency would be hampered by granting a stay of depositions, potentially resulting in this case languishing for years on the court's docket while the memories of the defendants fade. *Bauer*, 2014 U.S. Dist. LEXIS 154008, at \*7 (quotes omitted). Accordingly, these factors weigh against granting a stay of depositions.

### III. The Court Should Deny Defendant's Request for an Advisory Ruling Regarding its Unspecified Future Invocation of the Fifth Amendment.

Defendant has also asked the Court to issue a ruling protecting its ability to invoke the Fifth Amendment if it participates in discovery. Such a ruling is unnecessary, as there is no indication that participating in discovery not implicating the Fifth Amendment could somehow constitute a waiver of that right. To the extent

11

Defendants are asking the Court to prospectively rule that its invocation of the Fifth Amendment to avoid certain discovery requests would be valid, the Court should reject that request. To evaluate the applicability of the privilege against self-incrimination to a specific subject, the Court "must make a particularized inquiry, deciding, in connection with each specific area that the questioning party wishes to explore, whether or not the privilege is well-founded." *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991). Obviously, the Court cannot make the required "particularized inquiry" until some Defendant has invoked the privilege in response to some specific discovery request. To date, no Defendant has done so. Accordingly, the Court should deny Defendants' request for the Court to issue some sort of ruling about the propriety of their plans, at some point in the future, to invoke the Fifth Amendment to avoid responding to certain unspecified discovery requests.

### IV.  Conclusion

Based on the above authorities and arguments, Defendants' motion for partial stay should be denied in its entirety.

                              Respectfully Submitted,

                              */s/ L. William Smith*

                              Jon C. Goldfarb
                              L. William Smith
                              Christina Malmat
                              Attorneys for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
The Kress Building
30119th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**CERTIFICATE OF SERVICE**

       I hereby certify that on this day the 23d day of May 2023, a true and correct copy of the above and foregoing document has been properly served via the Court's electronic filing system to the following counsel of record:

Jamie H. Kidd Frawley
J. Randall McNeill
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 7000 (36104)
Post Office Box 238
Montgomery, AL 36101-0238
(334) 262-1852 T
(334) 262-1889 F
rmcneill@wmwfirm.com
jfrawley@wmwfirm.com
*Attorneys for Defendants Sheriff Nick Smith*
*and correctional officers T.J. Armstrong, Denzel*
*Mitchell, Braxton Kee, Bailey Gainey, Katherine*
*Clingan, Jacob Smith, Jeremy Farley, Richard*
*Holtzman, Benjamin Shoemaker, and*
*Dayton Wakefield and Investigator Carl Carpenter*

LaBella S. McCallum
Eric D. Hoaglund
MCCALLUM, HOAGLUN & MCCALLUM, LLP
905 Highway, Suite 201
Vestavia Hills, Alabama 35216
205-824-7767
edh@mhmfirm.com
lsm@mhmfirm.com
*Attorneys for Defendants Nurse Practitioner Aleisha Herron and*
*Brad Allred*

James C. King
KING, WILEY, AND WILLIAMS LLC.
1824 3rd Avenue South
Jasper, Alabama 35501
Telephone: (205) 221-3500
Email: jimmy@jasperlawyers.com
*Attorney for Defendant Aleisha Herron*

                                           */s/ L. William Smith*
                                           OF COUNSEL