# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARGARET MITCHELL, as Administratrix of the pending Estate of Anthony Don Mitchell,** ] ] ] ] | |
| Plaintiff, ] ] | |
| v. ] ] | 2:23-cv-182-ACA |
| **SHERIFF NICK SMITH, et al.,** ] ] | |
| Defendant. ] | |

## ORDER

The individual defendants[1] have moved to stay some of the proceedings in this case pending resolution of state and federal criminal and administrative investigations into the circumstances underlying this case. (Doc. 67). Specifically, in light of those investigations, they seek to stay their depositions and "the right to plead the Fifth Amendment privilege as to any other discovery without waiving their Fifth Amendment privilege." (*Id.* at 2 n.1). After a hearing and briefing on the motion, the court **DENIES** the motion without prejudice to refiling if circumstances change.

---

[1] The individual defendants are Sheriff Nick Smith, Justin White, Arthur Armstrong, Denzel Mitchell, Arcelia Jottie Tidwell, Braxton Kee, Bailey Ganey, Katherine Clingan, Jacob Smith, Jeremy Farley, Richard Holtzman, Benjamin Shoemaker, Morgan Madison, Dayton Wakefield, Joshua Jones, Aleisha Herron, Brad Allred, and Carl Carpenter. (Doc. 55 at 1).

The Eleventh Circuit has explained that "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cnty.*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 & n. 27 (1970)). "The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant." *Id.*; *see also United States v. White*, 589 F.2d 1283, 1286–87 (5th Cir. 1979) (quotation marks omitted).[2]

The individual defendants' first request is to stay their depositions. (Doc. 67 at 2 n.1). But as the parties stated at the hearing, no depositions have yet been scheduled and none appear to be imminent. The parties have not yet answered paper discovery. (*See* doc. 63) (staying discovery until after the court rules on the motion for a stay). Discovery is not due to be completed until February 29, 2024, eight and a half months from now. (Doc. 60). And at the hearing, plaintiff's counsel stated, without disagreement from defense counsel, that depositions would not take place until several months from now at the earliest. Accordingly, at this point it would be premature to rule on whether requiring the individual defendants to sit for depositions would compel an adverse judgment against them.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

The individual defendants' second request is to stay their obligation to respond to written discovery in a way that might waive their Fifth Amendment privilege. (Doc. 67 at 2 n.1). But at the hearing, the individual defendants could not provide any examples of written discovery to which they might need to weigh whether to invoke the Fifth Amendment or risk waiving it. Without more information, any ruling from the court on this request would be advisory.

Accordingly, the court **DENIES** the motion to partially stay discovery in this case without prejudice to refiling if circumstances change. The court **LIFTS** the stay previously imposed. Defendants must file responsive pleadings **on or before July 6, 2023**.

**DONE** and **ORDERED** this June 22, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE