FILED

2023 Jul-06  AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARGARET MITCHELL, AS ADMINISTRATRIX OF THE PENDING ESTATE OF ANTHONY DON MITCHELL** ) ) ) ) ) | |
| **Plaintiff,** ) ) | **CIVIL ACTION NUMBER: 2:23-cv-00182-ACA** |
| *v.* ) ) ) | |
| **SHERIFF NICK SMITH, IN HIS INDIVIDUAL CAPACITY, JAIL ADMINISTRATOR JUSTIN WHITE, CORRECTIONS OFFICERS ARTHUR "TJ" ARMSTRONG, DENZEL MITCHELL, ARCELIA JOTTIE TIDWELL, BRAXTON KEE, BAILEY GANEY, KATHERINE CLIGAN, JACOB SMITH, JEREMY FARLEY, RICHARD HOLTZMAN, BENJAMIN SHOEMAKER, MORGAN MADISON, DAYTON WAKEFIELD,  JOSHUA JONES, QCHC, INC., NURSE PRACTITIONER ALEISHA HERRON, NURSE BRAD ALLRED, AND INVESTIGATOR CARL CARPENTER** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

## BRAD ALLRED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant, Brad Allred (hereinafter referred to as this "Defendant" or "Allred"), and responds to Plaintiff's Second Amended Complaint, as follows:

## I.   JURISDICTION AND VENUE

1.   In response to paragraph 1, it is admitted that the Plaintiff alleges a cause of action under the Fourteenth Amendment to the United States Constitution against this Defendant.

2.   In response to paragraph 2, Defendant admits this Court has original jurisdiction, based upon the current allegations.

3.   In response to paragraph 3, it is admitted that the Northern District is the correct venue.

## II.   Parties

1.   Defendant is without sufficient information to admit or deny paragraph 1. To the extent that Plaintiff adopts and ratifies the First Amended Complaint. Defendant adopts and incorporates all responses and affirmative defenses contained in Defendant's Answer to Plaintiff's First Amended Complaint.

2.   Paragraph 2 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 2.

3.   Paragraph 3 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 3.

4.   Paragraph 4 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 4.

5.   It is admitted that Defendant Allred and Defendant Herron are employees of a private medical contractor and that they are sued in their individual capacity. The remaining allegations of paragraph 5 are denied.

6.   Paragraph 6 is denied.

7.   Paragraph 7 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 7.

### III.   <u>Statement of Facts.</u>

#### A.   <u>Introduction</u>

1.   Defendant is without sufficient information to admit or deny paragraph 1.

2.   Defendant is without sufficient information to admit or deny paragraph 2.

3.   Defendant is without sufficient information to admit or deny paragraph 3.

4.   It is admitted that Mr. Mitchell passed away on January 26, 2023, at the formerly named Walker Baptist Medical Center. The remaining allegations of paragraph 4 are denied.

5.   Defendant is without sufficient information to admit or deny paragraph 5.

6.   Paragraph 6 appears to contain information from Mitchell's medical record, which speaks for itself. Defendant is without sufficient information to admit or deny paragraph 6 at this time.

**B.**   **Tony Is Arrested in a Psychotic and Delusional State.**

7.   Defendant is without sufficient information to admit or deny paragraph 7.

8.   Defendant is without sufficient information to admit or deny paragraph 8.

9.   Defendant is without sufficient information to admit or deny paragraph 9.

10.   Defendant is without sufficient information to admit or deny paragraph 10.

11.   Defendant is without sufficient information to admit or deny paragraph 11.

12.   Defendant is without sufficient information to admit or deny paragraph 12.

13.   Defendant is without sufficient information to admit or deny paragraph 13.

14.   Defendant is without sufficient information to admit or deny paragraph 14.

15.   Defendant is without sufficient information to admit or deny paragraph 15.

16.   Defendant is without sufficient information to admit or deny paragraph 16.

17.   Defendant is without sufficient information to admit or deny paragraph 17.

18.   Defendant is without sufficient information to admit or deny paragraph 18.

19.   Defendant is without sufficient information to admit or deny paragraph 19.

20.   Defendant is without sufficient information to admit or deny paragraph 20.

21.   Defendant is without sufficient information to admit or deny paragraph 21.

22.   Defendant is without sufficient information to admit or deny paragraph 22.

23.   Defendant is without sufficient information to admit or deny paragraph 23.

24.   Defendant is without sufficient information to admit or deny paragraph 24.

25.   Defendant is without sufficient information to admit or deny paragraph 25.

26.   Paragraph 26 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 26.

27.   Paragraph 27 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 27.

28.   Paragraph 28 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 28.

### C.   Tony Is Housed Naked in BK5 a Bare Concrete Isolation Cell.

29.   Paragraph 29 is admitted.

30.   Defendant denies he prevented Mitchell from access to any of the events alleged in paragraph 30.

31.   Defendant is aware Mitchell was in cell BK5. Defendant is without sufficient information to admit or deny the remainder of paragraph 31.

32.   Defendant is without sufficient information to admit or deny paragraph 32. Defendant is not responsible for feeding inmates.

33.   Defendant is without sufficient information to admit or deny paragraph 33.

34.   Defendant is without sufficient information to admit or deny paragraph 34.

35.   Defendant is without sufficient information to admit or deny paragraph 35.

36.   Defendant is without sufficient information to admit or deny paragraph 36.

37.   Defendant is without sufficient information to admit or deny paragraph 37.

38.   Paragraph 38 contains information from videos which speak for themselves.

39.   Paragraph 39 contains information from videos which speak for themselves.

40.   Paragraph 40 contains information from videos which speak for themselves.

41.   In response to paragraph 41, Defendant is not aware of the information contained in this allegation.

42.   Defendant denies any knowledge that Mitchell was suicidal or on suicide watch and is without sufficient information to admit or deny paragraph 42.

> ### D.   Tony Was Denied Access to Medical and Mental Health Treatment

43.   In response to paragraph 43, Defendant admits Mitchell was in BK5. Defendant admits the medical records reflect nurses talked to Mitchell through his cell door as they were not allowed to enter the cell per the jail officers due to Mitchell's combativeness. Defendant denies any knowledge that Mitchell was tazed. The rest of paragraph 43 is denied for lack of personal knowledge.

44.   Paragraph 44 contains information from Mitchell's medical records, which speaks for itself. The records state that per the guards, a Haldol injection was required. It is admitted that no QCHC employee ordered or gave a Haldol injection. No Haldol was missing from the medication cabinet. The remaining allegations of paragraph 44 are denied.

45.   Paragraph 45 contains information from Mitchell's medical record, which speaks for itself.

46.   Paragraph 46 is denied.

47.   Paragraph 47 contains information from Mitchell's medical record, which speaks for itself.

48.   Paragraph 48 contains information from Mitchell's medical record, which speaks for itself. Defendant does not dispute paragraph 48.

49.   Paragraph 49 contains information from Mitchell's medical record, which speaks for itself. The remaining allegations of paragraph 49 are not directed to this Defendant.

50.   In response to paragraph 50, it is admitted that Defendant was not allowed to fully assess Mitchell in the medical infirmary or in his cell.

### E.    Tom Was Tazed and Repeatedly Dragged by Corrections Officers When He Count not Walk.

51.   Paragraph 51 contains information from video clips which speak for themselves.

52.   Paragraph 52 contains information from video clips which speak for themselves.

53.   Paragraph 53 contains information from video clips which speak for themselves.

54.   Paragraph 54 contains information from video clips which speak for themselves.

55.   Paragraph 55 contains information from video clips which speak for themselves.

56.    Defendant is without sufficient information to admit or deny paragraph 56.

57.    Paragraph 57 contains some information from video clips, which speak for themselves. As to the remaining allegations of paragraph 57, this Defendant is without sufficient information to admit or deny. Defendant had no knowledge of this allegation.

58.    Defendant is without sufficient information to admit or deny paragraph 58.

59.    Paragraph 59 contains information from video clips which speak for themselves. Defendant had no knowledge of this allegation.

60.    Paragraph 60 contains information from video clips which speak for themselves. Defendant had no knowledge of this allegation.

61.    Paragraph 61 contains information from video clips which speak for themselves. Defendant had no knowledge of this allegation.

62.    Paragraph 62 contains information from video clips which speak for themselves. As to the remaining allegations of paragraph 62, this Defendant is without sufficient information to admit or deny paragraph 62. Defendant had no knowledge of this allegation.

63.    Paragraph 63 contains information from video clips which speak for themselves. Defendant had no knowledge of this allegation.

64.    Paragraph 64 contains information from video clips which speak for themselves. Defendant had no knowledge of this allegation.

65.   Paragraph 65 contains information from video clips which speak for themselves.

66.   Paragraph 66 contains some information from video clips which speak for themselves. As to the remaining allegations of paragraph 66, this Defendant is without sufficient information to admit or deny.

### F.   Tony Was Denied Medical Treatment by Deputies Who Dragged Him When He Could Not Walk on His Own.

67.   Paragraph 67 is not directed to this Defendant. Defendant is without sufficient information to admit or deny this allegation.

68.   Paragraph 68 is not directed to this Defendant. Defendant is without sufficient information to admit or deny this allegation.

69.   Paragraph 69 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny this allegation.

70.   Paragraph 70 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny this allegation.

71.   Paragraph 71 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny this allegation.

### G.   Tony Leaves His Cell for the Last Time Prior to January 26,

**2023 on Saturday, January 21, 2023.**

72.   Paragraph 72 contains information from video clips which speak for themselves.

73.   Paragraph 73 contains information from video clips which speak for themselves.

74.   Paragraph 74 contains information from video clips which speak for themselves.

75.   Paragraph 75 contains information from video clips which speak for themselves.

**H.   Corrections Officers Denied Tony Water for Over 70 hours.**

76.   Paragraph 76 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 76.

77.   Defendant is without sufficient information to admit or deny paragraph 77. Defendant denies knowledge of this allegation.

78.   Paragraph 78 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

79.   Defendant is without sufficient information to admit or deny paragraph 79. Defendant denies knowledge of this allegation.

80.   Paragraph 80 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

81.    Paragraph 81 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

82.    Paragraph 82 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

83.    Defendant is without sufficient information to admit or deny paragraph 83.

84.    Defendant is without sufficient information to admit or deny paragraph 84.

85.    Defendant is without sufficient information to admit or deny paragraph 85.

86.    Paragraph 86 contains information from video clips which speak for themselves. In addition, the remaining allegations of paragraph 86 are not directed to this Defendant.

87.    Paragraph 87 contains information from video clips which speak for themselves. In addition, the remaining allegations of paragraph 87 are not directed to this Defendant. Defendant denies knowledge of this allegation.

88.    Paragraph 88 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

89.    Defendant is without sufficient information to admit or deny paragraph 89. Defendant denies knowledge of this allegation.

90.    Defendant is without sufficient information to admit or deny paragraph 90. Defendant denies knowledge of this allegation.

91.    Paragraph 91 is not directed to this Defendant. Defendant denies knowledge

of this allegation.

## I. Corrections Officers Intentionally Exposed Tony to Frigid Temperatures in His Cell On the Night of January 25 to January 26.

92.    Paragraph 92 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 92. Defendant denies knowledge of this allegation.

93.    Paragraph 93 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 93. Defendant denies knowledge of this allegation. The temperature that night is whatever was recorded.

94.    Paragraph 94 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 94. Defendant denies knowledge of this allegation.

95.    Paragraph 95 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 95. Defendant denies knowledge of this allegation.

## J. At Least 11 Hours Pass After Tony's Need for Emergency Medical Treatment is Obvious Before He is Transported to the Hospital.

96.    Paragraph 96 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 96. Defendant did not come on duty until January 26, 2023 at 6:00 a.m.

97.   Paragraph 97 is not directed to this Defendant and this Defendant is without sufficient information to admit or deny paragraph 97.

98.   In response to paragraph 98, defendant denies he was aware of the order to send Mitchell to the hospital for dehydration until he came on duty January 26, 2023, after 6:00 a.m.

99.   Defendant is without sufficient information to admit or deny paragraph 99.

## K.   Security Footage from 3:30 AM Shows Tony Lying on the Cement Floor of His Cell in Urgent Need of Emergency Medical Treatment.

100.   Paragraph 100 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

101.   Paragraph 101 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

102.   Paragraph 102 contains information from video clips which speak for themselves. Defendant denies knowledge of this allegation.

103.   Paragraph 103 references Officer Kee's report which speaks for itself. I do not think it is accurate. It is denied that medical staff informed Officer Kee at 4:17 AM that the inmate could wait until the oncoming shift arrived. It is my understanding that Herron requested an ambulance be called at the time of her assessment.

## L.   Nurse Practitioner Herron Told Kee, Smith, and Mitchell that It Was Okay to Wait for Shift Change to Transport

## Tony to the Hospital.

104.   Paragraph 104 contains information from video clips which speak for themselves. It is my understanding that Herron as the nurse practitioner went to the inmate's cell shortly after 4:00 a.m. on January 26, 2023, when she was called by the County at her home.

105.   Paragraph 105 contains information from video clips speak for themselves.

106.   Paragraph 106 contains information from video clips, which if complete, speak for themselves. It is admitted that Herron enters the cell shortly after 4:00 a.m. and assessed Mitchell. It is my understanding that Herron asked for a transfer immediately to the emergency department which is done by the jail for security reasons and a jail officer accompanies the inmate in the ambulance. The remaining allegations of paragraph 106 are denied.

107.   Paragraph 107 contains information from Mitchell's medical record, which speaks for itself. Defendant was not there and has no sufficient information besides the record.

108.   Paragraph 108 contains information from Mitchell's medical record, which speaks for itself. Defendant was not there and has no sufficient information besides the record.

109.   Paragraph 109 contains information from Mitchell's medical record, which speaks for itself.

110.   In response to paragraph 110, it is my understanding that Herron did not instruct the jail officers at 4:17 a.m. that it would be okay to wait to transport Mitchell to the hospital until after the start of the upcoming shift.

111.   Paragraph 111 references Officer Kee's report which speaks for itself. I do not think that it is accurate. It is denied that medical staff informed Officer Kee at 4:17 a.m. that the inmate could wait until the oncoming shift arrived.

112.   Paragraph 112 references Officer Mitchell's report which speaks for itself. It is denied that medical staff informed Officer Kee at 4:17 a.m. that the inmate could wait until the oncoming shift arrived.

113.   Paragraph 113 contains information from video clips which speak for themselves.

**M.**   **Security Footage from around the Time of the 6 AM Shift Change Shows Multiple Corrections Officers and Medical Personnel Exhibiting Deliberate Indifference.**

114.   Paragraph 114 contains information from video clips which speak for themselves.

115.   Paragraph 115 contains information from video clips which speak for themselves.

116.   Defendant is without sufficient information to admit or deny paragraph 116.

117.   Paragraph 117 is denied. Defendant, for the second time, reiterated Herron's request that an ambulance be called and was told by the County that an ambulance

had been called.

118.   Paragraph 118 contains information from video clips which speak for themselves. Defendant denies any knowledge of this allegation.

119.   Paragraph 119 contains information from video clips which speak for themselves. Defendant denies any knowledge of this allegation.

120.   Paragraph 120 references Officer Shoemaker's report which speaks for itself. Defendant is without sufficient knowledge to know if it is true or not.

121.   Paragraph 121 contains information from video clips which speak for themselves.

122.   In response to paragraph 122 is admitted that Brad Allred passed the pill cart at sometime.

123.   In response to paragraph 123, it is denied that this Defendant did not take steps to provide Mitchell with emergency medical treatment. Per appropriate protocol, the medical staff asked that Mitchell be transferred to the emergency department beginning after Nurse Practitioner Herron's assessment.

### N.   At around 8:30 AM, Corrections Officers Remove Tony from the Cell, then Return Him to the Cell to Conceal His Presence as a Woman is Booked.

124.   Paragraph 124 contains information from video clips which speak for themselves.

125.   Paragraph 125 is not directed to this Defendant and Defendant is without

sufficient information to admit or deny paragraph 125.

126.   Paragraph 126 contains information from video clips which speak for themselves.

127.   Paragraph 127 contains information from video clips which speak for themselves. Defendant denies any knowledge of this allegation.

128.   Paragraph 128 references Officer Shoemaker's report, which speaks for itself. Defendant denies any knowledge of this allegation, and does not know if it is accurate.

129.   Paragraph 129 contains information from video clips which speak for themselves. Defendant denies any knowledge of this allegation.

130.   Paragraph 130 contains information from video clips which speak for themselves. Defendant denies any knowledge of this allegation.

**O.**   **Attempting to Cover Up the Truth, T.J. Armstrong Releases a False Statement that Tony Was "Alert and Conscious" When He Left the Jail and Lies to Tony's Family about his Condition.**

131.   Defendant admits Herron determined the inmate needed to be transported to the hospital for further evaluation after being alerted by a jail officer. As to the remaining allegations of paragraph 131, Defendant is without sufficient information to admit or deny.

132.   Paragraph 132 contains information from a letter from Jail Administrator Justin White to SBI Director Chris Inabinett, which speaks for itself.

133.   Paragraph 133 is not directed to this Defendant and Defendant was not present when he left.

### P.   Surveillance Video Shows that Tony Was Not "Alert and Conscious" When He Left the Jail.

134.   In response to paragraph 134, Defendant is without sufficient information to admit or deny.

135.   Paragraph 135 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

136.   Paragraph 136 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

137.   Paragraph 137 references Officer Holtzman's report which speaks for itself. Defendant is without sufficient information to admit or deny.

138.   Paragraph 138 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

139.   Paragraph 139 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

140.   Paragraph 140 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

141.   Paragraph 141 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

142.   Paragraph 142 contains information from video clips which speak for

themselves. Defendant is without sufficient information to admit or deny.

143.   Paragraph 143 contains information from video clips which speak for themselves. Defendant is without sufficient information to admit or deny.

**Q.   Tony's Heart Has Stopped by the Time Deputies Reach the Hospital, Over Eleven Hours After Deputies Observed Tony in Acute Distress.**

144.   Paragraph 144 is not directed to this Defendant and contains information from Mitchell's medical records which speak for themselves.

145.   Paragraph 145 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 145. Defendant admits he was not told Mitchell was allegedly subjected to frigid temperatures.

146.   Paragraph 146 contains information from Mitchell's medical records, which speak for themselves. Defendant admits he was not told Mitchell was allegedly subjected to frigid temperatures.

**R.   Medical Records Indicate that Tony's Heart Stopped Before He Arrived at the Hospital and Never Restarted, Contradicting Corrections' Officers' Statements that He Was 'Responsive'.**

147.   Paragraph 147 contains information from Mitchell's medical records, which speaks for itself. Defendant is without sufficient information to admit or deny paragraph 147.

148.   Paragraph 148 contains information from Mitchell's medical records, which speaks for itself. Defendant is without sufficient information to admit or deny

paragraph 148.

149.    Paragraph 149 references Officer Holtzman's and Officer Farley's reports, which speak for themselves. Defendant is without sufficient information to admit or deny paragraph 149.

150.    Paragraph 150 references Officer Holtzman's report, which speaks for itself. Defendant is without sufficient information to admit or deny paragraph 150.

151.    Paragraph 151 contains information from Mitchell's medical records, which speak for themselves. Defendant is without sufficient information to admit or deny paragraph 151.

152.    Paragraph 152 contains information from Mitchell's medical records, which speak for themselves. Defendant is without sufficient information to admit or deny paragraph 152.

153.    Paragraph 153 contains information from Mitchell's medical records, which speak for themselves. Defendant is without sufficient information to admit or deny paragraph 153.

154.    Paragraph 154 contains information from Mitchell's medical records, which speak for themselves. Defendant is without sufficient information to admit or deny paragraph 154.

**S.    Armstrong Gives False Information to the Family about Tony's Condition.**

155.    Paragraph 155 contains information from Mitchell's medical records, which

speak for themselves. Defendant is without sufficient information to admit or deny paragraph 155.

156.   Defendant is without sufficient information to admit or deny paragraph 156.

157.   Defendant is without sufficient information to admit or deny paragraph 157.

158.   Defendant is without sufficient information to admit or deny paragraph 158.

159.   Defendant is without sufficient information to admit or deny paragraph 159.

160.   Defendant is without sufficient information to admit or deny paragraph 160.

161.   Defendant is without sufficient information to admit or deny paragraph 161.

162.   Defendant is without sufficient information to admit or deny paragraph 162.

163.   Defendant is without sufficient information to admit or deny paragraph 163.

164.   Defendant is without sufficient information to admit or deny paragraph 164.

**T.      The Sheriff and T.J. Armstrong Participated in the Scheme to Violate Tony's Constitutional Rights and Ratified the Conduct of Deputies.**

165.   Paragraph 165 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 165.

166.   Paragraph 166 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 166.

167.   Paragraph 167 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 167.

168.   Paragraph 168 is not directed to this Defendant and Defendant is without

sufficient information to admit or deny paragraph 168.

169.   Paragraph 169 is denied.

170.   Paragraph 170 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 170.

### First Cause of Action: Wrongful Death – Substantive Due Process Claus of the Fourteenth Amendment to the United States Constitution via 42 USC §1983 – All Defendants Are Sued in their Individual Capacities.

171.   Paragraph 171 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 171.

172.   Paragraph 172 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 172.

173.   Paragraph 173 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 173.

174.   Paragraph 174 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 174.

175.   Paragraph 175 is not directed to this Defendant. Defendant is without sufficient information to admit or deny paragraph 175.

176.   Defendant denies he failed to intervene when he was made aware of Mitchell's medical needs. He also denies he was deliberately indifferent to Mitchell's medical needs. As to the remaining allegations of paragraph 176, these  allegations are not directed to this Defendant and Defendant is without sufficient information to admit

or deny.

177.   Paragraph 177 is denied as to Herron, Allred, and QCHC, Inc.

178.   Paragraph 178 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 178.

179.   Paragraph 179 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 179.

180.   Paragraph 180 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 180.

181.   Paragraph 181 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 181.

182.   Paragraph 182 is denied as to this Defendant.

183.   Paragraph 183 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 183.

184.   Paragraph 184 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 184.

### Second Cause of Action – Wrongful Death – Policy or Practice Claim – Sheriff in His Official Capacity.

185.   Paragraph 185 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 185.

186.   Paragraph 186 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 186.

187.  Paragraph 187 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 187.

188.  Paragraph 188 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 188.

189.  Paragraph 189 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 189.

190.  Paragraph 190 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 190.

191.  Paragraph 191 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 191.

192.  Paragraph 192 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 192.

193.  Paragraph 193 is not directed to this Defendant and Defendant is without sufficient information to admit or deny paragraph 193.

## **Request for Relief**

Defendant denies Plaintiff's allegations pursuant to the heading Request for Relief and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.  This Defendant denies each and every material allegation of the Complaint not heretofore controverted.

2.  This Defendant denies any breach of a legal duty, which caused Mr. Mitchell's death.

3.  This Defendant denies any intentional, willful, gross, oppressive, wanton, malicious, and/or negligent acts of omission or commission.

4.  This Defendant did not violate any statutes, rules and/or regulations of this State or the United States of America.

5.  This Defendant asserts all applicable affirmative defenses under Rule 12(b).

6.  This Defendant asserts that venue is improper.

7.  The Complaint fails to state a claim against this Defendant upon which relief can be granted pursuant to Rule 12(b)(6).

8.  The claims asserted in the Complaint have been waived and/or the Plaintiff is estopped from asserting said claims.

9.  This Defendant reserves the defense of release, settlement, set off, accord and satisfaction, should these defenses become relevant in the future.

10.   This Defendant pleads the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff.

11.   This Defendant denies any acts of omission or commission proximately caused or proximately contributed to cause the injuries and/or damages alleged in the Complaint.

12.   The injuries and/or damages alleged in the Complaint were proximately caused by an "efficient intervening cause."

13.   The injuries and/or damages alleged in the Complaint occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission by this Defendant.   The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery.

14.   Should facts develop that the Plaintiff's deceased was guilty of negligence, and the Plaintiff's deceased's own negligence proximately caused or proximately contributed to cause the injuries and damages alleged in the Complaint, Defendant deserves the right to raise contributory negligence as a defense.

15.   The injuries and/or damages alleged in the Complaint were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom this Defendant possesses no right of supervision or control and for

26

whose acts this Defendant is not legally responsible.

16.    This Defendant asserts the sole proximate causes of decedent's death are events, conditions, physiology, reactions and medical conditions which could not have been reasonably anticipated in the exercise of reasonable care, and as such, this Defendant can have no liability whatsoever for the Complaint and causes of action asserted.

17.    The Plaintiff lacks standing to assert the claims purportedly asserted.

18.    This Defendant did not have a policy or custom of providing inadequate medical care or deliberate indifference.

19.    No policy, custom, or practice of this Defendant caused the alleged injury in this action.

20.    This Defendant did not enact or carry out any policy, custom, or practice with deliberate indifference. Plaintiff cannot show that this Defendant was aware of a past history of constitutional violations resulting from the application of policies or customs.

21.    The Plaintiff's claims are barred because he has failed to comply with the heightened specificity requirements of Rule 8 in § 1981 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989).

22.    This Defendant asserts the Plaintiff's Complaint on its face is frivolous and filed in bad faith solely for the purpose of harassment, intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988 to afford this Defendant reasonable attorneys' fees and costs incurred in the defense of this action.

23.    This Defendant denies any Fourth of Fourteenth Amendment violations.

24.    This Defendant denies any Fourteenth Amendment due process or equal protection violations.

25.    This Defendant denies any violation of state laws.

26.    This Defendant denies the claims of civil rights violations, if any, under 42 U.S.C. § 1981.

27.    This Defendant denies a Constitutional violation resulting from any denial of medical or mental health care.

28.    The Plaintiff's claims are barred because this Defendant did not act with deliberate indifference.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).

29.    To the extent the Plaintiff seeks to recover attorney's fees, this Defendant objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

30.    Defendant claims any statutory damages caps which may be deemed to apply to the claims in the Complaint.

31.    This Defendant is not guilty of any act of omission or commission which

would entitle the Plaintiff to recover wrongful death damages.

32.   To the extent the Plaintiff has concluded or may conclude a settlement or recover a verdict against any person, entity, or party against whom the Plaintiff has, or could have, made or will make a claim, then this Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

33.   Should immunity be deemed to apply, this Defendant is immune from punitive damages per §6-11-26, Code of Alabama (1975), and Defendant reserves the right to plead immunity.

34.   This Defendant is not guilty of any conduct which would entitle the Plaintiff to recover punitive damages in this case.

a.   Claims for punitive damages are in contravention of this Defendant's rights under each of the following constitutional provisions: the Commerce Clause of Article I, Section 8 of the United States Constitution;

b.   the Contracts Clause of Article I, Section 10 of the United States Constitution;

c.   the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d.   the Supremacy Clause of Article VI of the United States Constitution;

e.      the Free Speech Clause of the First Amendment of the United States Constitution;

f.      the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.      the Takings Clause of the Fifth Amendment of the United States Constitution;

h.      the Right to Counsel of the Sixth Amendment of the United States Constitution;

i.      the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

j.      the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

k.      the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l.      similar or corresponding provisions of the Constitution of this State.

35.   No act or omission of this Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

36.   To the extent Plaintiff's Complaint seeks the imposition of punitive damages, this Defendant adopts by reference the defenses, criteria, limitations, standards and

constitutional protections mandated or provided by the United States Supreme Court in the following cases: *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001) *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and similar cases from the Supreme Court of this State; *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007)

37.   Because of the lack of clear standards, any imposition of punitive damages against this Defendant would be unconstitutionally vague and/or overbroad.

38.   Claims for punitive damages are subject to the limitations and requirements of State law.

39.   This Defendant adopts all defenses asserted by other Defendants to the extent they are applicable to the claims purportedly asserted against this Defendant.

40.   The Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Defendant.

41.   This Defendant reserves the right to assert any additional defenses, counterclaims, crossclaims and/or file third-party complaints that discovery would reveal to be available and/or necessary.

**THIS DEFENDANT DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted, this the 6th day of July, 2023.

*/s/ LaBella S. McCallum*
LABELLA S. McCallum
*Attorneys for Brad Allred, Nurse*
*Practitioner Aleisha Herron, and QCHC of*
*Alabama, Inc. erroneously sued as QCHC,*
*Inc.*

OF COUNSEL:
Eric D. Hoaglund
MCCALLUM, HOAGLUND & MCCALLUM, LLP
905 Highway, Suite 201
Vestavia Hills, Alabama  35216
205-824-7767
edh@mhmfirm.com
lsm@mhmfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which automatically notifies counsel as follows:

Jon C. Goldfarb
Christina Maxine Malmat
L. William Smith
Wiggins Childs Pantazis Fischer
& Goldfarb
301 19th Street North
The Kress Building
Birmingham, Alabama 35203
Telephone:  (205) 314-0500
Email: jcg@wigginschilds.com
     cmalmat@wigginschilds.com
     wsmith@wigginschilds.com
*Attorneys for Plaintiff*

James C. King
King, Wiley, and Williams, LLC
1824 3rd Avenue South
Jasper, Alabama 35501
Telephone: (205) 275-0162
Email: jimmy@jasperlawyers.com

Steve Marshall
501 Washington Avenue
Montgomery, Alabama 36104

Randy McNeill
Josh Willis
Jamie H. Kidd Frawley
Webb, McNeill, Walker PC
One Commerce Street, Suite 700
Montgomery, Alabama  36102
Telephone: (334) 262-1850
Email: rmcneill@wmwfirm.com
     jwillis@wmwfirm.com
     jfrawley@wmwfirm.com
*Attorneys for Defendants*
*Sheriff Nick Smith, Corrections*
*Officer Arthur "TJ" Armstrong,*
*Denzel Mitchell, Braxton, Kee, Bailey*
*Ganey, Katherine Cligan, Jacob*
*Smith, Jeremy Farley, Richard*
*Holtzman, Benjamin Shoemaker,*
*Dayton Wakefield, Investigator Carl*
*Carpenter, Justin White, Arcelia*
*Jottie Tidwell, Morgan Madison, and*
*Joshua Jones*

*/s/ LaBella S. McCallum* _____
COUNSEL

33