

FILED
2023 Dec-28  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARGARET MITCHELL, AS** | ) | |
| **ADMINISTRATRIX OF THE** | ) | |
| **PENDING ESTATE OF ANTHONY** | ) | |
| **DON MITCHELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **2:23-cv-00182-SGC** |
| **SHERIFF NICK SMITH, IN HIS** | ) | |
| **INDIVIDUAL AND OFFICIAL** | ) | **UNOPPOSED** |
| **CAPACITY, CORRECTIONS** | ) | |
| **OFFICERS T.J. ARMSTRONG,** | ) | |
| **DENZEL MITCHELL, BRAXTON KEE,** | ) | |
| **BAILEY GAINEY, KATHERINE** | ) | |
| **CLIGAN, JACOB SMITH, JEREMY** | ) | |
| **FARLEY, RICHARD HOLTZMAN,** | ) | |
| **BENJAMIN SHOEMAKER, DAYTON** | ) | |
| **WAKEFIELD, NURSE** | ) | |
| **PRACTITIONER ALICIA HERRON,** | ) | |
| **NURSE BRAD ALLRED, AND** | ) | |
| **INVESTIGATOR CARL CARPENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THE INDIVIDUAL DEFENDANTS' RENEWED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF STATE AND FEDERAL CRIMINAL AND ADMINISTRATIVE INVESTIGATION

The individual Defendants respectfully request this Court to grant this motion to stay this action until the ongoing state and federal criminal investigations and administrative investigations (The Alabama Nursing Board) have been concluded.

1

This action arises out of the death of Anthony Don "Tony" Mitchell, who, according to the Second Amended Complaint [Doc. 55.], was in the custody of the Walker County Jail in January 2023.

## MEMORANDUM OF LAW

Consistent with their inherent power to control their dockets and to ensure the fair adjudication of cases, District Courts have broad discretion in deciding whether to stay proceedings, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (finding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket"); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("The inherent discretionary authority of the district court to stay litigation pending the outcome of related proceeding in another forum is not questions.") A court must decide to stay a civil proceeding pending resolution of related criminal proceedings when "special circumstances" so require in the "interests of justice." *United States v. Lot 5, Fox Grove, Alachua County*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Indeed, a court may stay civil discovery when there are parallel civil and criminal proceedings against the same defendant and participation in civil discovery would implicate the defendant's Fifth Amendment privilege. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1087-89 (5th

Cir. 1980)[1], *see also Volmar Distributors, Inc. v. New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y.) 1993).

A stay is warranted in this case because the underlying incident and the individual defendants are subjects of ongoing parallel criminal and administrative investigations and meet the "special circumstances" requirement in the interest of judgment.

## A.  <u>"Special Circumstances"</u>

To determine whether "special circumstances" exist to warrant a stay, courts balance the interests of the parties, the courts, and the public, including such considerations as:

> "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the Defendants have been indicted; (3) the private interest of the Plaintiffs in proceeding expeditiously weighed against the prejudice to Plaintiffs caused by delay; (4) the private interests of and burden on the Defendants; (5) the interests of the courts; and (6) the public interest."

*Chao v. Fleming*, 498 F. Supp. 2nd 1034, 1037 (W.D. Mich. 2007) (citation omitted).

Although many factors may be relevant, "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207-09 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Servs.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008); *see also Chao*, 498 F. Supp. 2d at 1039 (degree of overlap is "the most important factor" because absent such overlap there would be no need for a stay.)

### 1.  The Extent to Which the Issues in the Criminal Case Overlap with Those Presented in the Civil Case

The Plaintiff's Second Amended Complaint alleges the medical staff were deliberately indifferent to Mitchell's medical needs.

The undersigned, McCallum, sat through the nurses' interviews attended by the Department of Justice; F.B.I; Deputy U.S. Attorney; and ALEA. While the specific information discussed in the interviews are confidential, the nature of the interviews parallels the Plaintiff's Complaint. Therefore, it is clear that the Board's investigation overlaps some aspects of the civil case which remain in Plaintiff's Complaints.

### 2.  The Status of the Case, Including Whether the Defendants Have Been Indicted

The fact that criminal charges have not yet been filed does not mean the court should deny a stay when the government is investigating potential criminal conduct. The right to assert one's privilege against self-incrimination does not depend on the likelihood, but upon the possibility of prosecution. *Slagowski v. Central Wash.*

*Asphalt*, 291 F.R.D. 563 (D. Nev. July 2, 2013) (citing *Hoffman v. United States,* 341 U.S. 479 (1951).

A stay may be granted when Defendants have not, but may choose to assert their Fifth Amendment rights, which *may* lead to an adverse judgment against Defendants. *Kinsey v. Aledda*, 2018 WL 11352485 (S.D. Fla. 2018); *Young v. Miami Dade-City*, 217, F. Supp. 3d 1355 (S.D. Fla. 2016); *Perkins v. City of Miami Beach*, No. 14-DIV-21923 D.E. 56 at 3 (S.D. Fla. Aug. 5, 2014) 3.

### 3. <u>The Private Interest of the Plaintiffs in Proceeding Expeditiously Weighed Against the Prejudice to Plaintiffs Caused by Delay and</u>
### 4. <u>The Private Interests of and Burden on the Defendants</u>

In balancing the interests of the parties, the prejudice to Defendants by giving sworn testimony in their depositions outweighs any prejudice to Plaintiff by a partial stay as requested. The parties have engaged in limited written discovery and the issuance of nonparty subpoenas, but further inquiries will undoubtedly impact their Fifth Amendment rights. If the Motion for Stay is denied at the current stage of the proceedings, Defendants would be forced to ask for a stay at the time the case is set for trial due to the prejudice of the jury inference that Defendants are guilty based upon their asserting privilege. The Court can revisit the issue if the criminal investigation is lengthy.

Any relief to which the Plaintiff would be entitled at the end of this case would be available. In addition, the statute of limitations did not start to run until January 2023.

### 5.  <u>The Interest of the Courts</u>

The convenience of the Court in the management of its cases, and the efficient use of judicial resources is to be considered.

Based on Defendants' proposal for a stay, this Court would not suffer from an inefficient use of its judicial resources or management of the case. In fact, the proposal may very well add to the efficient handling of the case and deter delay. For example, if Defendants choose to assert their Fifth Amendment privilege in depositions and the criminal investigations resolve with no indictments, it is quite possible that those depositions will be retaken incurring unnecessary time and expenses.

Additionally, without a stay, the Court would likely become embroiled in discovery disputes as the parties are forced to litigate the scope of any protections and privileges that attach to discovery by virtue of the open criminal investigation.

Any inconvenience to the Court would be outweighed by the Court's interest in fairness. "Although promptness in judicial administration is highly desirable, delay may sometimes be necessary to the mission of doing justice. We are all too often reminded that "justice delayed is justice denied." But it is equally true that in

6

some situations, "justice rushed is justice crushed." *McMullen v. Bay Ship Mgmt.*, 335 F. 3d 215, 219 (3d Cir. 2003) (reversing dismissal where Plaintiff asserted privilege and the district court refused to grant a stay.) A stay here would allow the Court to fairly adjudicate the action on its merits once all evidence becomes available while avoiding duplicative proceedings.

### 6.   The Interests of the Public Would Not be Adversely Affected if the Stay is Granted

Lastly, the interests of the public and persons not parties to the civil litigation would not be adversely affected by a stay. The public has a strong interest in permitting the investigations to move forward in the ordinary course of business, with the attendant secrecy that accompanies criminal investigations.

In considering the interest of the public, courts balance the interest of the public in expeditious resolution of civil litigation against the public's interest in ensuring the criminal process is not subverted by the ongoing civil case. "Where there are parallel criminal and civil proceedings, 'the criminal case is of primary importance to the public,' whereas the civil case, which may result in monetary damages, 'is not of an equally pressing nature.'" Whether the public interest will favor either party will depend on the unique facts of a particular case, but typically, the "protection of Defendant's constitutional rights against self-incrimination is the more important consideration." Similarly, whether any nonparty interest is

7

implicated will depend on whether a nonparty stands to benefit from the civil litigation or is otherwise impacted by it.

As the Supreme Court has held, a Plaintiff should be required to withstand some delay "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256; *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Circ. 1962). ("Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.") Staying the proceedings here "would benefit the public by allowing the Government to conduct a complete, unimpeded, confidential investigation into potential criminal activity." *SEC v. Healthsouth Corp.*, 261 F.Supp.2d 1298, 1325 (N.D. Ala. 2003).

## CONCLUSION

All of the relevant factors in this case weigh in favor of granting a stay of these proceedings. Defendants meet the "special circumstances" required by the law as outlined above. The denial of a stay would substantially and irreparably prejudice the individual Defendants because they would be required to litigate this case by either pleading the Fifth, and hence, resulting in a negative inference in the Civil case, or testifying in depositions creating a public record which could be used against them in the criminal investigation.

Therefore, the Court should stay this case until the related criminal and administrative investigative proceedings are concluded.

In accordance with the Local Rules, undersigned counsel conferred with Plaintiff's attorneys, via email, who advised that they do not oppose the Court granting the relief requested in this motion.

Respectfully submitted this 28th day of December, 2023.

/s/ **LaBella S. McCallum**
LaBella S. McCallum
Eric D. Hoaglund
McCALLUM, HOAGLUND, McCALLUM, LLP
905 Montgomery Highway, Suite 201
Vestavia, Alabama 35216
lsm@mhmfirm.com
edh@mhmfirm.com

*Attorneys for Defendants Aleisha Herron, Brad Allred, and QCHC of Alabama, Inc.*

/s/ **J. Randall McNeill**
J. Randall McNeill
Josh Willis
Jamie H. Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
rmcneill@wmwfirm.com
jwillis@wmwfirm.com
jfrawley@wmwfirm.com

9

*Attorneys for Defendants Sheriff Nick Smith, Jail Administrator Justin White, correctional officers Arthur "TJ" Armstrong, Denzel Mitchell, Arcelia Jottie Tidwell, Braxton Kee, Bailey Ganey, Katherine Clingan, Jacob Smith, Jeremy Farley, Richard Holtzman, Benjamin Shoemaker, Morgan Madison, Dayton Wakefield, and Investigator Carl Carpenter*

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this the 28th day of December, 2023, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following counsel:

James C. King
King, Wiley, and Williams, LLC
1824 3rd Avenue South
Jasper, Alabama 35501
jimmy@jasperlawyers.com
*Attorney for Aleisha Herron*

Jon C. Goldfarb
L. William Smith
Christina M. Malmat
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
jcg@wigginschilds.com
wsmith@wigginschilds.com
cmalmat@wigginschilds.com

           **/s/ LaBella S. McCallum**
           OF COUNSEL